In the Matter of the Application of JAMES P. RYAN for the Determination of the Court as to the Designation of THOMAS MURRAY in Election Districts 1 to 21, Inclusive, and 23 and 24, Named in the Petition Headed by Committee on Vacancies. THOMAS RYAN, ALBERT I. NOVAK, ROCCO ESPOSITO, Commonly Known as the " Murray Petition," 14th Assembly District, Election Districts 1 to 21, Inclusive, and 23 and 24, New York County.*

Supreme Court, Special Term, New York County, September 11, 1939.

*Francis J. McCaffrey, Jr.*, for the motion.

*J. Daniel Daugherty*, in opposition.

SHIENTAG, J.   This is an application for an order directing the board of elections of the city of New York to strike out the name of Thomas Murray who has been designated for the party position of member of the county committee on a petition known as the " Murray Petition." Thomas Murray has been designated for such position in twenty-three election districts — in election districts 1 to 21, inclusive, and 23 and 24 in the 14th Assembly district, New York county.

* Affd., 257 App. Div. ——.

It is contended by the objector that the board of elections should be enjoined from printing the name of Thomas Murray on the official primary ballot in every election district except one.

Concededly, there is no specific provision of the Election Law which limits the candidacy of a member of the county committee to one election district, nor is there a requirement that one who seeks election as a county committeeman be a resident of the specific election district in which he is a candidate. The only requirement is that a candidate for the party office that we are considering be a resident of the Assembly district in which he is running for office.

Nevertheless, the objector urges that Thomas Murray cannot be designated for the party position of member of the county committee in more than one election district; that such prohibition, while not specifically set forth in the Election Law, is implicit therein, and that his designation in more than one election district is contrary to the entire spirit, intent and purpose of the Election Law and to our theory and system of party government. With this contention I am in accord. Section 12 of the Election Law provides that "The county committee of each party shall be constituted by the election in each election district within such county of at least two members and of such additional members as the rules of the party within the county may provide for such district, proportional to the party vote in the district for Governor at the last preceding gubernatorial election."

The rules of the county committee of the county of New York for the selection of the county committee for the year 1939 concededly provide that the basis or ratio to be preserved in the selection of the county committee shall be two county committeemen for each election district plus one member for every twenty-five votes or major part thereof cast in each election district for the Democratic candidate for Governor at the last general election in which a Governor was elected. In accordance with the statute and the rules adopted thereunder the Democratic party is entitled to elect 609 county committeemen in the forty-four election districts comprising the 14th Assembly district. Thomas Murray, to whose designation objection has been made, has been designated in twenty-three election districts. His right to be designated in one election district is not questioned by the moving party, but when he attempts to avail himself of a device or artifice which may bring about his election in twenty-three districts the court should step in and prevent the possible disenfranchisement of the enrolled voters of the Democratic party in the other twenty-two election districts wherein he cannot legally serve, if elected.

Obviously, no matter in how many election districts he may be elected, Thomas Murray can only serve as a county committeeman for one specific district. He would be entitled to cast only one vote as a member of the county committee.

It is argued that if Murray be elected in more than one district he would resign from the others and allow the committee to fill his place in such other districts, but that is the very vice of the situation here presented. A deception is practiced upon the enrolled voters of the party. The enrolled voters of the party in one election district are not informed on the primary ballot of the candidates for party office in the other election districts. They have the right to assume that they are voting for a candidate who may legally serve, if elected, for their district and represent them in party matters, not for one who cannot possibly serve in more than one district.

The practice here sought to be pursued would constitute a fraud upon the enrolled voters of the party in the election districts involved. Its prohibition, while not specifically set forth in the Election Law, is implicit in that law. It is part and parcel of the entire system of party government for which the Election Law makes provision.

The motion to strike out the name of Thomas Murray as a candidate for county committeeman in more than one election district is granted. Settle order on one hour's notice.