In the Matter of JOHN T. McCALL, Petitioner.
CHARLES A. MUZZICATO et al., Respondents.*

Supreme Court, Special Term, New York County, September 16, 1942.

*James B. M. McNally* for petitioner.

*William C. Chanler, Corporation Counsel (H. Boardman Epstein* of counsel), for Board of Elections of the City of New York.

*Louis J. Lefkowitz* for Charles A. Muzzicato, respondent.

*Allen Goodwin* for American Labor Party, respondent.

DINEEN, J. Application is made by the candidate nominated by the Democratic party in the recent primaries for the office of State Senator in the 18th senatorial district, to invalidate the declination by respondent Muzzicato of his nomination for the same office by the American Labor Party. Muzzicato was nominated in the primaries by both the Republican and the American Labor parties for the office of State Senator. He was subsequently nominated by the Republican party for the office of Representative-at-Large. He thereupon filed with the Board of Elections his declination of both nominations for the office of State Senator. Following that declination both the Republican and the American Labor parties designated respondent

---

* Revd., 264 App. Div. 954, which was reversed by 289 N. Y. 104, and Special Term order affd.

DiCostanzo to fill the vacancy supposedly created by Muzzicato's declination.

Petitioner does not question the right of Muzzicato to decline the Republican nomination for State Senator since he was later nominated by that party for another office (Election Law, § 138); but petitioner does object to Muzzicato's declination of his nomination by the American Labor Party, which has not nominated him for any other office, and has filed his objections with the Board of Elections. That Board has refused to invalidate the declination and this proceeding is brought to overrule that determination and to compel the printing of the name of Muzzicato as the candidate of the American Labor Party for the office of State Senator.

Muzzicato avers, in the present proceeding, that if elected to the State Senate he would refuse to serve. If he should be elected to Congress and should accept his election he would be ineligible to serve in the State Legislature. (State Const. art. III, § 7.)

To grant the prayer of the petition and so compel the presentation of the name of Muzzicato to the voters of his district as a candidate for both offices, under the circumstances above narrated, would create an anomalous and unprecedented situation and one which would be unfair to the electorate. While the Election Law makes no express provision for the declination of a nomination under such circumstances it does not expressly forbid such a declination. The power of the court will not be exercised to overrule the determination of the Board of Elections, which is manifestly in the public interest. (See *People* v. *Purdy,* 154 N. Y. 439; *Matter of Ryan* v. *Murray,* 172 Misc. Rep. 105; affd., 257 App. Div. 1068.)

The application is denied.