Sidetey A. Fine, J.
This is an application pursuant to the Election Law by two enrolled voters and a candidate for a party position to declare invalid and strike the petition of *7 the respondent Nardelli, who is seeking designation for the party position of Male Assembly District Leader of the 68th Assembly District, Part B, and to declare invalid the declination of said Nardelli as a candidate for the Party Position of Male Assembly District Leader Part A of the 68th Assembly District.
This matter was referred to a Special Referee to hear and report, together with recommendations as to whether candidate Nardelli knew that petitions were being circulated to designate him as Male Assembly District Leader in both parts of the said Assembly District, as well as the circumstances surrounding such matters. The report of the Special Referee indicates he had such knowledge and is in all respects affirmed. In fact, there was no serious attempt to disaffirm the report. The modifications sought by respondent were of no significance.
A short statement of the facts with respect to this matter is as follows: Nardelli, the incumbent Male District Leader of Part A sought redesignation as such. Under his aegis petitions were circulated in Part A which contained his name, as well as candidates for other party positions, on or about June 22, 1971 through July 26, 1971. On or about June 30, 1971, petitions were circulated in Part B to designate him as Male Assembly District Leader of that part through July 26, 1971. These two sets of petitions were filed with the Board of Elections on or about July 29, 1971. On August 3, 1971, he served a proper declination as a candidate in Part A, and the Committee on Vacancies substituted one David Martinez for him.
The petitioners claim that such was fraud on the electorate of both parts, as he was attempting by artifice and device to gain control of the entire district, and that such was his purpose at least from the inception of the circulation of the petitions in ■ Part B.
The contention of respondent is that he believed that he had the right to run in both districts, that later when he doubted he could he filed the declination with respect to his candidacy in Part A.
As to his right to run as a candidate in both parts, this court holds that these are incompatible offices and therefore a candidate may not seek election to both. There is nothing in the rules of the party permitting such and although there is no statutory prohibition with regard thereto, the spirit and intent of the Election Law forbid such. (Cf. Matter of Burns v. Wiltse, 303 N. Y. 319, 323.)
However, we are not concerned directly with the question of running for the offices involved as respondent has declined to run in one part and only seeks election in the other.
*8 In the case of Matter of Ryan v. Murray (172 Misc. 105, affd. 257 App. Div. 1068) a candidate sought to run as a member of the County Committee in 23 election districts of one Assembly District. The court at Special Term stated (p. 106): “ His right to be designated in one election district is not questioned by the moving party, but when he attempts to avail himself of a device or artifice which may bring about his election in twenty-three districts the court should step in and prevent the possible disenfranchisement of the enrolled voters of the Democratic Party in the other twenty-two election districts wherein he cannot legally serve, if elected. ’ ’
Although the court indicated that he was practicing a deception and fraud on the enrolled voters of the party, he was permitted by the order to run in one election district.
Equating the instant case to the above, even if it is considered that the method indulged in by the respondent was an artifice or device which could be construed as deception or fraud of the enrolled members of the party, he should have the right to present his candidacy to the electorate. He has properly declined to run in one part and has secured valid signatures entitling him to run in the other. To hold otherwise would deprive the electorate of both parts from expressing their wishes by their ballots as to whether they would want him as a leader in either district and virtually leave the primary uncontested.
Courts in the absence of statute, should not undertake to decide political questions, but should leave such matters for determination of the proper party tribunals. Nor are decisions which deprive the electorate of the opportunity to express its preference favored if by a liberal construction of the law and facts, an election can be held.
Accordingly, the application of the petitioners is denied.