Louis B. Heller, J.
In this proceeding brought pursuant to subdivision 1 of section 330 of the Election Law, petitioners seek an order prohibiting the Board of Elections from placing the names of respondents John F. Gangemi and Jennie DiO&rio on the ballot for the offices of male and female members of the Republican State Committee from the 49th Assembly District, *192 respectively, at the primary election to be held on September 10, 1974.
Concededly, the petition filed by respondents contains sufficient signatures to validate their respective candidacies. However, on the same petition sheets circulated for the positions here involved were listed candidates for the positions of county ' committeemen from the various election districts within the 49th Assembly District. Mr. Gangemi’s name was listed as a candidate for county committeeman from 25 separate election districts, Mrs. DiCarlo was listed as a candidate in three separate election districts, and various other persons closely connected to them were also listed in more than one district. The Board of Elections invalidated these candidacies for all but one election district per person.
It is petitioners’ contention that the circulation of the subject petition in this matter constitutes fraud upon the electorate to such an extent as would warrant the invalidation of the entire petition on the grounds that it is permeated with fraud.
While there is no statutory authority which prohibits an individual from running for county committeeman from two or more election districts at the same time, the courts have prohibited such practice. In Ryan v. Murray (172 Misc. 105, 107, affd. 257 App. Div. 1068) the court stated that a person can “ only serve as a county committeeman for one specific district. He wpuld be entitled to cast only one vote as a member of the county committee ”.
The court further held that to permit the person to remain on the ballot in all of the election districts would constitute a fraud and deception practiced upon the enrolled voters of the party (see, also, Matter of Burns v. Wiltse, 303 N. Y. 319). However, the court did permit the candidate there involved to remain as a candidate in one election district, as the Board of Elections did in the instant case.
While in the Ryan case (supra) the moving parties did not seek invalidation of the entire petition, the Supreme Court, New York County, applied that case to a proceeding in which such relief was sought, in Matter of Trongone v. O’Rourke (68 Misc 2d 6). In that proceeding the candidate filed petitions for district leader from two separate units of representation. After filing, he declined in one district and another person was substituted. His opponent sought to have both candidacies declared invalid on the grounds of fraud.
The court at Special Term noted that the problem of one candidate running for two inconsistent offices had been resolved *193 by Ms declination from one of them. It further noted, as this court does, that in the Ryan case, the candidate was permitted to run in one election district. The court then stated (p. 8) that “ even if it is considered that the method indulged in by the' respondent was an artifice or device which could be construed as deception or fraud of the enrolled members of the party, he should have the right to present his candidacy to the electorate.” That decision was affirmed by the Appellate Division, First Department, without opinion at 37 A D 2d 763.
The effect of the decision in the Trongone case (supra) is that wMle one may not run for two incompatible offices, and wMle to do so is a deception which constitutes fraud, once the conflict of the offices is resolved, either by declination or by striking the candidacy as in the Ryan case (supra), the candidate should be permitted to run for the remaining office.
In view of the foregoing, it is the opinion of this court that the petition here involved is not so permeated with fraud, as a result of the various candidacies of county committeemen, as to warrant its invalidation.
Accordingly, the application is denied and the proceeding is dismissed.