### (August 19, 1974)

■   JOSEPH V. EDWARDS et al., Respondents, v. SALVATORE SCLAFANI et al., Constituting the Board of Elections of the City of New York, and GLADYS PEMBERTON et al., Appellants.— Judgment of the Supreme Court, Kings County, dated August 2, 1974, affirmed, without costs (cf. *Matter of Rosen* v. *McNab*, 25 N Y 2d 798). No opinion. Gulotta, P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.

■   In the Matter of J. RUSSELL CLUNE, Appellant, v. ALBERT T. HAYDUK et al., Constituting the Board of Elections of the County of Westchester, and CHARLES J. STEPHENS et al., Respondents.— Judgment of the Supreme Court, Westchester County, dated August 9, 1974, reversed, on the law and the facts, petition reinstated, and petitioner's name directed to be placed on the ballot. 1,250 signatures were required. 1,233 signatures were concededly valid. Concededly, there are sufficient additional signatures to validate the petition if the same is not invalid by reason of the error by the subscribing witness. We find that there was substantial compliance with the Election Law (cf. *Matter of Rosen* v. *McNab*, 25 N Y 2d 798). Gulotta, P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.

■   In the Matter of EDWARD R. LUTFY et al., Appellants, v. JOHN F. GANGEMI et al., Constituting the Committee to Fill Vacancies, et al., Respondents.— Judgment of the Supreme Court, Kings County, dated August 13, 1974, affirmed on the opinion of the Special Term, without costs. Gulotta, P. J., Latham and Munder, JJ., concur; Shapiro and Benjamin, JJ., dissent and vote to reverse and to declare the petitions for County Committeeman and for State Committeeman invalid, for the following reasons: In our opinion, the attempt by respondent Gangemi to run in all 25 election districts as County Committeeman when he knew he could only serve as an elected County Committeeman from one district was tantamount to a fraud on the electorate. Such a practice should not be encouraged. Under the circumstances, we feel that the petition designating Gangemi for County Committeeman in each of the districts, as well as his designation as State Committeeman, is invalid. We agree with the statement of the court in *Matter of Ryan* v. *Murray* (172 Misc. 105, affd. 257 App. Div. 1068) deploring such practice, but we do not agree with its conclusion that the offender should be permitted to run in one district of his subsequent choice. Furthermore, we do not agree with the determination in *Matter of Trongone* v. *O'Rourke* (68 Misc 2d 6, affd. 37 A D 2d 763) that, despite the practice of a deception and fraud on the enrolled voters of the party, the candidate should receive the benefit of being permitted to run in one election district. [78 Misc 2d 191.]