John F. GANGEMI et al., Appellants,

v.

Salvatore SCLAFANI, etc., et al.,
Appellees,
and
Angelo J. Arculeo, Intervenor-
Appellee.

No. 384, Docket 74–2204.

United States Court of Appeals,
Second Circuit.

Argued Oct. 17, 1974.

Decided Oct. 29, 1974.

Thomas Hoffman, New York City (Joseph P. Grancio, Brooklyn, N. Y., James I. Meyerson, New York City, of counsel), for appellants.

William P. DeWitt, New York City, (Norman Redlich, Corp. Counsel of the City of New York), for appellees.

John A. Bonina, Brooklyn, N. Y., for intervenor-appellee.

Before FEINBERG, MULLIGAN and DANAHER,* Circuit Judges.

MULLIGAN, Circuit Judge:

The appellants John F. Gangemi and Jennie DiCarlo filed designating petitions with the appellee Board of Elec-

---

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

tions containing a sufficient number of signatures to have their names placed on the ballot for the offices of male and female members of the Republican State Committee from the 49th Assembly District, Kings County, State of New York, for the primary election scheduled to be held on September 10, 1974. Appellants also filed designating petitions for the Republican County Committee for Kings County. Gangemi was designated as a candidate for the County Committee in 25 election districts and Mrs. DiCarlo in 3 election districts out of the 75 existing in the 49th Assembly District. Since it is undisputed that a candidate may serve as county committee person from only one election district within the Assembly District of the candidate's residence, the candidacies here were incompatible. There was, however, no incompatibility with respect to the office of Republican State Committee person.

The Board of Elections vacated the candidacies for the County Committee for all but one election district per person in accordance with the then prevailing New York law, which prohibited a person from running for a public office for which he would be ineligible to serve because of a pending candidacy for an incompatible position. Trongone v. O'Rourke, 68 Misc.2d 6, 324 N.Y.S.2d 620 (Sup.Ct.), aff'd, 37 A.D.2d 763, 324 N.Y.S.2d 295 (1st Dep't 1971); In re Ryan, 172 Misc. 105, 14 N.Y.S.2d 539 (Sup.Ct.), aff'd, 257 App.Div. 1068, 14 N.Y.S.2d 541 (1st Dep't 1939). Opponents of the appellants then sought an order in the Supreme Court, Kings County, prohibiting the Board of Elections from placing the names of appellants on the ballots at all, either as candidates for county or state committee person. The court, after a hearing, sustained the action of the Board of Elections, Lutfy v. Gangemi, 78 Misc.2d 191, 358 N.Y.S. 2d 652 (1974), and the Appellate Division affirmed 3—2. App.Div., 359 N.Y.S.2d 319 (2d Dep't 1974). On appeal, the New York Court of Appeals, in a unanimous *per curiam* opinion, reversed, 35 N.Y.2d 179, 359 N.Y.S.2d 273,

316 N.E.2d 710 (1974), overruled the precedents upon which the Supreme Court and the majority of the Appellate Division had relied, and held:

Since this multiplicity of inconsistent candidacies has been properly recognized as injurious to the rights of the electorate, and described as fraudulent and deceptive, and because here the multiplicity of inconsistent candidacies for the County Committee was intentional, the dissenters at the Appellate Division were correct in concluding that respondents' designating petitions should fail entirely.

35 N.Y.2d at 182, 359 N.Y.S.2d at 274, 316 N.E.2d at 711.

Thereafter, on September 3, 1974, appellants commenced an action in the United States District Court for the Eastern District of New York seeking a temporary restraining order and preliminary and permanent injunctive relief to restrain appellees from removing their names from the ballot. Appellants contended that their removal from the ballot would violate their due process and equal protection rights under the fourteenth amendment of the Constitution and would contravene section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c. It was agreed that the federal issues raised below had not been raised in the state courts. Although normally appellants could have moved for reargument in the New York Court of Appeals, Hon. Jack B. Weinstein, United States District Judge, Eastern District of New York, ascertained that the court's calendar precluded reargument before the September 10th election. On September 4th, Judge Weinstein in a 17 page decision denied the injunctive relief sought and dismissed the action. This appeal followed.

We agree with the position of the appellee Board of Elections that normally federal courts should abstain in state election cases until the state proceedings are completed. Railroad Comm'n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). How-

ever, in view of the exigencies of time and the federal questions raised, we believe that the court below properly, albeit reluctantly, addressed the issues.

We affirm substantially for the reasons given in the opinion below. The argument on appeal that a state must demonstrate that its decision to deny a person access to the ballot advances a compelling state interest by the least drastic means, Dunn v. Blumstein, 405 U.S. 330, 342–343, 92 S.Ct. 995, 31 L. Ed.2d 274 (1972), was considered below and properly determined. The State of New York has long since considered the practice engaged in here to constitute a sham or fraud on the electorate. Burns v. Wiltse, 303 N.Y. 319, 325–326, 102 N. E.2d 569, 572 (1951). The appellants deliberately embarked upon a suspect venture which must have misled those who signed the designating petitions into believing that the appellants intended to serve as their representatives if successful in the primary. The compelling interest of the state is apparent and the "less drastic" means proposed would only reward those who have intentionally adopted a fraudulent device.

The inapplicability of section 1973c is clear. We have involved here no "enactment" by a state or political subdivision of any election law. Allen v. State Bd. of Elections, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969). We do have a decision of a state court which we cannot construe to constitute a standard, practice or procedure with respect to voting, Georgia v. United States, 411 U. S. 526, 532, 93 S.Ct. 1702, 36 L.Ed.2d 472 (1973), but rather a change in the penalties to be. visited upon a prospective candidate who commits a fraud upon the electorate by knowingly becoming a candidate for incompatible positions. The Supreme Court has already held that the decree of a United States District Court is not within the ambit of Section 5 of the Voting Rights Act. Connor v. Johnson, 402 U.S. 690, 91 S. Ct. 1760, 29 L.Ed.2d 268 (1971) (per curiam). We believe that the reasoning of that decision is also applicable to a decision of a state court. See 402 U.S. at 695, 91 S.Ct. 1760 (opinion of Black, J., dissenting on other grounds). See also Conner v. Board of Supervisors, 334 F. Supp. 280, 284 (N.D.Miss.1971) (per curiam).

Affirmed.