Vander L. BEATTY, Plaintiff,

v.

David N. DINKINS, City Clerk of the City of New York, Defendant.

No. 79 Civ. 4605 (KTD).

United States District Court, S. D. New York.

Sept. 28, 1979.

*Bank* (72–2285–C), *Plotnick v. Suffolk Franklin Savings Bank* (72–2286–C), and *Zabin v. Lexington Trust Co.* (72–2287–C).

Harry R. Pollak, New York City, for plaintiff.

Allen G. Schwartz, Corp. Counsel, New York City, for defendant; Richard B. Cohen, Yonkers, N.Y., Susan R. Rosenberg, Ronald D. Carmon, New York City, of counsel.

## OPINION & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, State Senator Vander L. Beatty, brought this motion for a preliminary mandatory injunction requiring the New York City Clerk, David Dinkins, to place a referendum on the November, 1979 general election ballot. This referendum would ask the voting public to approve an amendment to the New York City Charter providing for the recall of certain elected officials; to wit, the Mayor, Comptroller, President of the Council and others. Plaintiff claims that there is federal question jurisdiction in this case pursuant to the Voting Rights Act of 1965, 42 U.S.C. §§ 1971 *et seq.* Defendant has cross-moved for dismissal of the action based on lack of subject matter jurisdiction.

Senator Beatty alleges the following facts. He and some 80,000 others petitioned, pursuant to Section 37 of the Municipal Home Rule Law, N.Y. Mun. Home Rule Law § 37 (McKinney 1969), to have a refer-endum placed on the November, 1979 ballot. The petition, including four volumes of signatures, was filed with the defendant City Clerk on July 7, 1979 in accordance with specified time requirements.

According to Section 37(2), a petition to amend the City Charter may be filed by at least ten percent of the qualified electors who voted for governor in the last gubernatorial election or 30,000, whichever is less. A qualified elector is one who was "registered and qualified to vote in the city at the last general election preceding the filing of the petition." N.Y. Mun. Home Rule Law § 37(2) (McKinney 1969). The city clerk is required pursuant to Section 37(5) to examine the petition and certify whether it complies with these requirements.

Defendant and his staff examined the petition by comparing the signatures to Board of Elections computer print-outs and determined there were only 47,525 signatures of which 30,000 were invalid. Of these 30,000, approximately 10,000 were chosen as a random sample to double check against actual voter registration "buff cards." From this sample test, it was found that 1,025 of those 10,000 not found in the computer print-outs were, in fact, validly registered. After adding this number to the approximately 17,000 signatures found valid by the print-outs, it was determined that the petition was insufficient as it did not have the required number of signatures. Consequently, defendant refused to place the referendum on the November ballot.

Plaintiff challenges both the statute and defendant's procedures. He argues first that qualified electors should not be determined as of the last gubernatorial election but should also include those who became registered voters since that time. This, he argues, would bring Section 37 into conformity with the New York Election Law entitling an individual to vote if he or she registered not less than thirty days prior to a primary, general, or special election, N.Y. Elec. Law § 5–102.

In the alternative, plaintiff argues that one should not be required to be a regis-

tered voter at all to qualify as a valid signature on a petition to amend the City Charter of the City of New York. This requirement, he asserts, is unconstitutional.

With regard to federal court jurisdiction, Mr. Beatty alleges that the defendant invalidated thousands of signatures in violation of the Voting Rights Act of 1965. The second paragraph of the plaintiff's complaint claims jurisdiction pursuant to 42 U.S.C. §§ 1971 and 1973. Plaintiff has made no further argument as to why federal jurisdiction obtains in this case.

Defendant, on the other hand, argues that there is no federal jurisdiction in this case and, thus, there is no need to reach the merits. Moreover, if the merits were to be reached, the Voting Rights Act of 1965 would require a three-judge panel.

For the following reasons, I find that there is no jurisdiction in this case under the Voting Rights Act of 1965 and accordingly dismiss this action.

I will first dispose of a preliminary issue. Although the Voting Rights Act of 1965 does contemplate a three-judge panel for determining the merits of a particular case pursuant to Sections 1971 or 1973, a single judge may determine the question of federal jurisdiction.

The powers of a single judge in a case in which Congress required a three-judge court was once fairly limited. However, 28 U.S.C. § 2284,[1] which deals with three-judge court procedures, was amended in 1976 to provide greater leeway to the single district judge. According to the present Section 2284(b)(3), when a three-judge panel is required by Act of Congress:

> A single judge may [nevertheless] conduct all proceedings except the trial, and enter all orders permitted by the rules of civil procedure except as provided in this subsection.

Although I could not determine the preliminary injunction itself without the assistance of two of my brethren, in this case I am authorized to determine the jurisdictional issue. My dismissal for lack of subject matter jurisdiction is not one on the merits and is permitted by Fed.R.Civ.Pro. 12(b)(1).

In fact, Mr. Beatty himself was recently before Judge Platt in the Eastern District of New York challenging the removal and replacement of election inspectors pursuant to 42 U.S.C. § 1973c. *Beatty v. Esposito,* 439 F.Supp. 830 (E.D.N.Y.1977). That case, discussed more fully below, was dismissed by Judge Platt without convening a three-judge court. *See also Webber v. White,* 422 F.Supp. 416 (N.D.Tex.1976).[2]

Turning to the jurisdictional issue itself, I find that plaintiff does not state a claim under the Voting Rights Act of 1965 which would give federal question jurisdiction. Neither is there diversity of citizenship.

The Voting Rights Act of 1965, passed pursuant to Congressional enforcement powers under the Fifteenth Amendment, was intended to provide voting rights to all eligible "without distinction of race, color, or previous condition of servitude." 42 U.S.C. § 1971(a)(1). Plaintiff in this case, however, does not raise any question of discrimination. In fact, this case appears to be a local election dispute which should be resolved by the state courts.

In *Powell v. Power,* 436 F.2d 84 (2d Cir. 1970), the Court addressed the question of jurisdiction pursuant to Section 1973 when no allegation of discrimination has been made. The Court there refused to involve itself in state and local election machinery absent a clear mandate of Congress to do so.

> Were we to embrace plaintiffs' theory, this court would henceforth be thrust into the details of virtually every election, tinkering with the state's election machinery, reviewing petitions, registration

---

1. 28 U.S.C. § 2284 is made directly applicable to actions under Section 1973 by Section 1973c.

2. Even before the 1976 amendment to 28 U.S.C. § 2284, the Second Circuit affirmed a decision by Judge Weinstein dismissing a Section 1973c

claim without convening a three-judge panel. *Gangemi v. Sclafani,* 506 F.2d 570 (2d Cir. 1974) *aff'g* No. 74–1269 (E.D.N.Y. September 4, 1974).

cards, vote tallies, and certificates of election for all manner of error and insufficiency under state and federal law. Absent a clear and unambiguous mandate from Congress, we are not inclined to undertake such a wholesale expansion of our jurisdiction into an area which, with certain narrow and well defined exceptions, has been in the exclusive cognizance of the state courts.

*Id.* at 86. (footnote omitted) The Court's opinion further stated that "the goal which permeates the entire Act—[is] the abolition of racial discrimination in the election process." *Id.* at 87. Absent some showing of racial discrimination the Act provides no remedy. *Id.*

In *Beatty v. Esposito, supra,* the Court, citing *Powell,* indicated that "a good faith allegation [of racial prejudice] is a minimal prerequisite to the maintenance of this action and the impanelling of a three-judge court." 439 F.Supp. at 832. There has been no allegation of prejudice or discrimination in the instant case. Consequently, there is no claim under the Voting Rights Act of 1965 which would give this Court jurisdiction.[3]

In accordance with the foregoing, plaintiff's complaint is dismissed for lack of jurisdiction over the subject matter pursuant to Fed.R.Civ.Pro. 12(b)(1).

SO ORDERED.

---

**3.** There is also an issue in this case as to whether or not the plaintiff has alleged the requisite change in voting procedures or qualifications so as to come within the purviews of Section 1973. Since I find that there has been no claim of discrimination so as to bring this case under the Voting Rights Act of 1965, it is not necessary to decide this issue.