Per Curiam.

The order of the Appellate Division should be reversed, the judgment dismissing the proceeding vacated, and the relief requested by petitioners granted.
It was definitively decided in Matter of Burns v. Wiltse (303 N. Y. 319) that one may not run for a public office in which one would not be eligible to serve because of a prior pending candidacy for an incompatible position. Similarly, in Matter of Ryan v. Murray (172 Misc. 105, affd. 257 App. Div. 1068) and in Matter of Trongone v. O’Rourke, 68 Misc 2d 6, affd. 37 A D 2d 763), in circumstances precisely like those in this case, it was held illegal to run for more than one party office where incompatibility forbade holding more than one such office. In each of these cases, however, it was also held that the petitioner could stand as a candidate for at least one office if the other incompatible candidacies, which rendered the designating peti *182 ticms invalid, were eliminated by “ declination ” or action of the Board of Elections. Since this multiplicity of inconsistent . candidacies has been properly recognized as injurious to .the rights of the electorate, and described as fraudulent and dee^p- . five, and because here the multiplicity of inconsistent candidacies for the County Committee was intentional, the dissenters at tl^e Appellate Division were correct in concluding that respondents’ designating petitions should fail entirely.
With this practice, and absent acceptable excuse or justification, the voters who signed the offending petitions must be assumed to have been misled as to the candidates’ intentions to serve as their representatives if designated and subsequently elected at the primary. Moreover, the petitions were misleading in suggesting that the various candidates listed intended to run together. These irregularities were also harmful because those who signed were precluded by law from signing petitions for other candidates for the same office (Election Law, § 136, subd. 8). Thus, the petitions must be considered to have been permeated with the defect intentionally introduced into them by the circulators and those candidates who participated in the circulation. As a consequence, this court agrees with the dissenters at the Appellate Division in this case that so much of the holdings in the Ryan and Trongone cases as permitted a single candidacy to survive are not to be followed.
■ Accordingly, the order of the Appellate Division should be reversed, without costs, and the petition under section 330 of the Election Law granted.
; Chief Judge Breitél and Judges Gabrielli, Jones, Waohtler, Rabin and Staley* concur in Per Curiam opinion.
Order reversed, etc.

 Designated pursuant to section 2 of article VI of the State Constitution,