■ In the Matter of ANDREW W. LAWRENCE, Respondent, v G. ANN SPELMAN, Appellant, et al., Respondents. [694 NYS2d 143] —In a proceeding pursuant to Election Law § 16-102 to invalidate petitions designating G. Ann Spelman as a candidate in a primary election to be held on September 14, 1999, for the Republican Party position of Member of the County Committee, 153rd Election District, Town of Huntington, and as a candidate of the Republican Party and of the Conservative Party, respectively, for the public office of Judge of the District Court, Town of Huntington, Third District, G. Ann Spelman appeals from a judgment of the Supreme Court, Suffolk County (Catterson, J.), dated August 11, 1999, which granted the application and invalidated the petitions in their entirety.

Ordered that the judgment is modified by deleting from the decretal paragraph thereof, after the words "is hereby granted", the word "and", and by substituting therefor the words, "to the extent that", and by adding thereto, after the phrase "153 Election District, Town of Huntington, for the primary election to be held on September 14, 1999", the phrase, "and is otherwise denied"; as so modified, the judgment is affirmed, without costs or disbursements.

The Suffolk County Board of Elections validated two separate petitions, one designating the appellant as a candidate in a primary election for the Republican Party position of Member

of the County Committee, 153rd Election District, Town of Huntington, and the other designating her as a candidate for the public office of Judge of the District Court, Town of Huntington, Third District. While she concedes that she cannot serve in both offices at the same time, as they are incompatible, she argues that she should be allowed to run for both positions. The appellant asserts, however, that if she should be elected to both positions, she can immediately assume her role as a Member of the County Committee and serve in this capacity until such time as is necessary for her to resign in compliance with Election Law § 6-122 (3), and then properly assume her role as a District Court Judge. This contention is incorrect.

It is well settled that one may not simultaneously run for two public offices where one would be precluded from holding both offices at the same time (*see, Matter of Burns v Wiltse,* 303 NY 319; *Matter of Lindgren,* 232 NY 59; *Matter of Lufty v Gangemi,* 35 NY2d 179). Such a prohibition allows electors to " 'know that, when the choice is made and legally declared, the object for which the election was held has been accomplished, and that there is no legal obstruction in the way to prevent their will * * * from becoming effective' " (*Matter of Burns v Wiltse, supra,* at 325; *Matter of Lindgren, supra*). An election involving the situation presented here, "would be illusory and sham if not an actual fraud upon the electorate and should not be permitted" (*Matter of Burns v Wiltse, supra,* at 326).

The fact that the appellant could resign from her position as a Member of the County Committee does not mitigate the policy concerns specified by the Court of Appeals. It is for this reason that the appellant's name should be stricken from the primary ballots as a candidate for public office of District Court Judge and as a candidate for the party office of Member of the County Committee.

To the extent that the petitions designated committees to fill vacancies, they should not have been invalidated. Accordingly the judgment has been modified to permit such committees to fill the resulting vacancies by making appropriate substitutions (*see,* Election Law § 6-148 [2]; *Matter of Owens v Sharpton,* 45 NY2d 794). O'Brien, J. P., Santucci, Joy and Altman, JJ., concur.