■ In the Matter of JOHN FASO, Appellant, v ALAN HEVESI et al., Respondents. [748 NYS2d 822] —Per Curiam. Appeal from a judgment of the Supreme Court (McNamara, J.), entered October 10, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the nomination of respondent Alan Hevesi as the Working Families Party candidate for the office of State Comptroller in the November 5, 2002 general election.

Respondent William Mulrow secured the nomination as the Working Families Party candidate for the office of State Comptroller. Thereafter, on September 19, 2002, the Executive Committee of the Working Families Party nominated him as its candidate for the office of State Senator from the 40th Senatorial District. Also on that day, a certificate of substitution was executed certifying that the Executive Committee had voted to substitute respondent Alan Hevesi as the party's nominee for Comptroller.

Petitioner commenced the instant proceeding seeking, inter alia, to declare Hevesi's nomination invalid on the ground that no vacancy existed for the Comptroller's office at the time of such nomination because Mulrow did not execute a declination for the position until September 23, 2002. Following a hearing, Supreme Court concluded that Hevesi's nomination was valid and dismissed the petition. This appeal ensued.

The issue before this Court is whether a political party can nominate a person to fill a vacancy created by the nomination for another office of the person first nominated prior to the time such original candidate files a formal declination. Election Law § 6-146 (5) is the controlling statutory provision and provides: "A person who has been nominated for public office by a party * * * and who is thereafter nominated for another office by one or more of such parties, or who is thereafter nominated by the party to fill a vacancy caused by such nomination or nominations to fill a vacancy by the party, may decline such first nomination or nominations not later than the third day after the filing of the certificate of his nomination or nominations for such other office, but such a declination shall

not be effective if such other nomination or nominations by the party is duly declined." Notwithstanding certain ambiguities in the statute, at the very least it contemplates that, under the limited circumstances described, two people can be nominated for the same office even though a declination from the first nominee has not yet been filed. Mandating the first nominee to submit a declination of the initial nomination before a party could substitute a second nominee for such office would render this statutory provision a nullity. Finally, we find it significant that all filings required for the nomination by substitution were completed within the applicable statutory deadlines.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.