■ In the Matter of DANIEL E. LACHANSKI et al., Respondents, v SCHENECTADY COUNTY BOARD OF ELECTIONS, Respondent, and JOHN DE GEORGIO et al., Appellants. [781 NYS2d 170]—

---

Per Curiam. Appeal from a judgment of the Supreme Court (Kramer, J.), entered August 10, 2004 in Schenectady County, which partially granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petitions naming certain respondents as the Conservative Party candidates for the party position of member of the county committee in various election districts in the September 14, 2004 primary election.

Designating petitions were circulated naming certain respondents as candidates for the party position of Conservative Committee Member in multiple election districts. The designated candidates then filed declinations in all but one district and the Committee to Fill Vacancies substituted certain other respondents in their place. Petitioners, candidates for the same party positions, commenced this proceeding against the named candidates as well as the substituted candidates (hereinafter collectively referred to as respondents) seeking an order declaring the designating petitions invalid and enjoining respondent Schenectady County Board of Elections from printing the names of all respondents on the ballot. Following a trial, at which only respondent Kelly Rhinesmith testified, Supreme Court partially granted petitioners' application declaring respondents' designating petitions and certificates of substitution null and void for those petitions which designated candidates whose names appeared on petitions in multiple election districts. Respondents appeal.

We agree with all the parties, and Supreme Court, that the controlling authority under these circumstances is *Matter of Lutfy v Gangemi* (35 NY2d 179 [1974]). There, the Court of Appeals described a "multiplicity of inconsistent candidacies" as "injurious to the rights of the electorate" and "fraudulent and deceptive" (*id.* at 182). The Court further held that "absent [an] acceptable excuse or justification, the voters who signed the offending petitions must be assumed to have been misled as to the candidates' intentions to serve as their representatives if designated and subsequently elected at the primary" (*id.*). Here, respondents assert that Supreme Court erred in deciding that Rhinesmith's testimony failed to establish an acceptable excuse or justification for this practice. We disagree and affirm.

First, we hold that Rhinesmith's testimony that there were too few workers and too little time to circulate petitions is neither an acceptable excuse nor justification for failing to obtain a

candidate in each election district prior to circulating designating petitions. We also hold that neither the letter sent by Rhinesmith nor her testimony was sufficient to rebut the presumption that voters who signed these designating petitions were misled as to the candidates' intentions to serve as their representatives. With respect to the letter which was sent prior to the circulating of petitions, there is no evidence that the signers of the petitions actually received the letter and there is no reference in the letter to respondents' plan to run in multiple election districts and later substitute other candidates in all but one district. Moreover, her assertion that she explained the plan to every signatory does not cure the problem because she was not the only person to circulate these petitions and "[t]hese irregularities were also harmful because those who signed were precluded by law from signing petitions for other candidates for the same office" (*id.*, citing Election Law former § 136 [8]). As this plan was admittedly intentional, Supreme Court was correct in concluding that each petition which designated candidates whose names appeared on petitions in multiple election districts was void in its entirety (*see Matter of Lutfy v Gangemi, supra* at 182).

Nevertheless, review of the complete record reveals that Supreme Court improperly invalidated the designating petitions for John De Georgio in Rotterdam Election District No. 16 and Carl La Malfa in Rotterdam Election District No. 4, as these candidates each appear on only one designating petition and that petition does not contain the name of a candidate named on multiple petitions.

Mercure, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as granted the petition declaring invalid the designating petitions naming respondents John De Georgio and Carl La Malfa as the Conservative Committee Member for Rotterdam Election District Nos. 16 and 4, respectively; said petitions designating De Georgio and La Malfa are declared to be valid; and, as so modified, affirmed.