■ In the Matter of Lois Phillips, Appellant, v Suffolk County Board of Elections et al., Respondents, and Michael J. Caracciolo, Respondent. [800 NYS2d 225]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Michael J. Caracciolo as a candidate in a primary election to be held on September 13, 2005, for the nomination of the Conservative Party as its candidate for the public office of Member of the Assembly, First Assembly District, the petitioner appeals from a final order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated August 4, 2005, which denied the petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

Michael J. Caracciolo, the incumbent Suffolk County Legislator, First District, began circulating designating petitions to become the candidate of the Republican Party on June 7, 2005, the Independence Party on June 16, 2005, and the Conservative Party on June 16, 2005, for the nomination of those parties for that public office. On June 16, 2005, the public office of Member of the Assembly, First Assembly District, became vacant, and on June 23, 2005, the State Board of Elections certified that the vacancy would be filled in the regular election. Caracciolo then began circulating designating petitions to become the candidate of the Republican Party on June 25, 2005, the Independence Party on June 30, 2005, and the Conservative Party on July 5, 2005, for the nomination for the public office of Member of the Assembly, First Assembly District. Caracciolo continued to circulate the Suffolk County Legislator designating petitions, and on July 13, 2005, and July 14, 2005, respectively, filed both sets of designating petitions. On July 18, 2005, Caracciolo filed declinations for the Suffolk County Legislator nominations for all three parties.

"It is well settled that one may not simultaneously run for two public offices where one would be precluded from holding both offices at the same time" (*Matter of Lawrence v Spelman*, 264 AD2d 455, 456 [1999]). Where a candidate intentionally defrauds the electorate by circulating designating petitions for incompatible offices, absent acceptable excuse or justification, his or her designating petitions should fail entirely (*see Matter of Lutfy v Gangemi*, 35 NY2d 179 [1974]). However, unlike the candidates in *Lutfy*, Caracciolo had no such intent. His decision to run for the Assembly seat, and the subsequent overlap in circulating designating petitions, occurred as a result of the unexpected vacancy, not as a result of fraud. Also, given the late date on which the vacancy was certified, the parties had little time to circulate designating petitions for a new candidate for

Suffolk County Legislator and voters might have been disenfranchised if Caracciolo was required to stop circulating the designating petitions for that office (*see Matter of Farbstein v Suchman*, 26 NY2d 564 [1970]).

The parties' remaining contentions do not require a different result. H. Miller, J.P., S. Miller, Ritter and Spolzino, JJ., concur.