# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**846**

**CAE 12-01454**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF STEPHANIE PAROBEK AND SEAN M.
RYAN, PETITIONERS-APPELLANTS,

                          V                          MEMORANDUM AND ORDER

JOSEPH A. MASCIA AND COMMISSIONERS DENNIS E.
WARD AND RALPH M. MOHR, CONSTITUTING THE BOARD
OF ELECTIONS OF THE COUNTY OF ERIE,
RESPONDENTS-RESPONDENTS.

---

CANTOR, DOLCE & PANEPINTO, P.C., BUFFALO (SEAN E. COONEY OF COUNSEL),
FOR PETITIONERS-APPELLANTS.

LAW OFFICE OF JOSEPH G. MAKOWSKI, BUFFALO (JOSEPH G. MAKOWSKI OF
COUNSEL), FOR RESPONDENT JOSEPH A. MASCIA.

---

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered August 8, 2012 in a proceeding pursuant to the Election Law. The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced this proceeding seeking, inter alia, to invalidate the designating petitions of Joseph A. Mascia (respondent) nominating him as a candidate for the office of New York State Assembly Member, District 149, in the Democratic primary election to be held on September 13, 2012. Petitioners contend that respondent's designating petitions should be invalidated because he is "simultaneously running" for two offices, only one of which he may hold if elected. We reject that contention.

We note at the outset that petitioners' contention is based on their erroneous assertion that respondent is "simultaneously running" for two offices. The record establishes that respondent was elected to the position of Tenant Member of the Board of Commissioners of the Buffalo Municipal Housing Authority in an election that took place in June, while the Democratic primary election for the New York State Assembly is, as noted, scheduled for September 13, with the general election to occur in November. We thus conclude that the cases relied upon by petitioners in support of their contention are distinguishable, inasmuch as the challenged candidates therein were seeking two or more offices on the same ballot at the same time (*see e.g. Matter of Lufty v Gangemi*, 35 NY2d 179, 181; *Matter of Burns v*

*Wiltse*, 303 NY 319, 322-323; *Matter of Lawrence v Spelman*, 264 AD2d 455, 455-456, *lv denied* 93 NY2d 813; *see also Matter of Phillips v Suffolk County Bd. of Elections*, 21 AD3d 509, 510).

In any event, even assuming, arguendo, that respondent is simultaneously running for two offices, we conclude that there is no constitutional or statutory provision preventing him from serving in both offices if he is elected to the State Assembly.  Petitioners' reliance on NY Constitution, art III, § 7, is misplaced.  Pursuant to that constitutional provision, members of the Legislature may not be "*appointed* to any office . . . under the government of the . . . state of New York, or under any city government" in which they shall receive compensation (emphasis added).  Here, however, the Tenant Member office in question is an *elected* position, not an appointed position. We reject petitioners' contention that the two offices in question are incompatible and that the "spirit and intent of the Election Law" therefore prohibits such a dual nomination (*Burns*, 303 NY at 323).  In our view, there is no conflict preventing respondent from fully executing the duties of the two positions sought, because a Member of the State Assembly has neither direct authority over nor involvement with the Buffalo Municipal Housing Authority (*see* 1976 Ops Atty Gen No. 338; *see generally People ex rel. Ryan v Green*, 58 NY 295, 304-305; *Matter of Smith v Dillon*, 267 App Div 39, 43).

In light of our determination, we do not address petitioners' remaining contentions.

Entered:  August 17, 2012                    Frances E. Cafarell
                                             Clerk of the Court