*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 21, 2014                   519471
_____

In the Matter of RICHARD S.
    CONTI et al.,
                        Respondents,

        v

MATTHEW J. CLYNE et al., as
    Commissioners Constituting
    the Albany County Board of
    Elections, et al.,
                        Appellants.

(Proceeding No. 1.)
_____


In the Matter of WILLIAM F.
    FARAGON et al.,
                        Respondents,

        v                               MEMORANDUM AND ORDER

MATTHEW J. CLYNE et al., as
    Commissioners Constituting
    the Albany County Board of
    Elections, et al.,
                        Appellants.

(Proceeding No. 2.)
_____


In the Matter of WILLIAM F.
    FARAGON et al.,
                        Respondents,

        v

MATTHEW J. CLYNE et al., as
    Commissioners Constituting
    the Albany County Board of
    Elections, et al.,
                        Appellants.

(Proceeding No. 3.)
_____

Calendar Date:   August 21, 2014

Before:   McCarthy, J.P., Garry, Egan Jr. and Clark, JJ.

_____


        Matthew J. Clyne, Albany County Board of Elections, Albany,
for Matthew Clyne and another, appellants.

        Murphy, Burns, Barber & Murphy, Albany (Peter G. Barber of
counsel), for John H. Cunningham and another, appellants.

        Kenneth J. Dow, Chatham, for Richard S. Conti and others,
respondents.


_____


Per Curiam.

        Appeals from a judgment of the Supreme Court (McNamara,
J.), entered August 8, 2014 in Albany County, which, among other
things, granted petitioners' applications, in three proceedings
pursuant to Election Law § 16-102, to annul determinations of the
Albany County Board of Elections invalidating the designating
petitions naming petitioners as candidates for the party
positions of delegate and alternate delegate to the Democratic
Party Judicial Nominating Convention, Third Judicial District,
from the 109th and 110th Assembly Districts in the September 9,
2014 primary election.

        These proceedings arise out of designating petitions filed
by candidates for the party positions of delegate and alternate
delegate to the Democratic Party Judicial Nominating Convention
for the Third Judicial District.  Petitioners in proceeding No. 1
are candidates in the 109th Assembly District, while petitioners
in proceedings Nos. 2 and 3 are candidates in the 110th Assembly

District (see Election Law § 6-124).[1]  Objectors allege that, in the event that petitioners succeed in their primary candidacies, petitioners would then seek to nominate Margaret Walsh, currently an Albany County Family Court Judge, at the subsequent Democratic Party Judicial Nominating Convention as the Democratic Party candidate for the public office of Justice of the Supreme Court for the Third Judicial District (see Election Law § 6-106).  Walsh is already running for reelection as Albany County Family Court Judge on the Democratic Party line.  Objections were filed to the designating petitions in both Assembly Districts, alleging that they were invalid because Walsh could not simultaneously run for both offices (see Matter of Lufty v Gangemi, 35 NY2d 179, 181 [1974]; Matter of Burns v Wiltse, 303 NY 319, 323-326 [1951]; see also County Law § 411).  The Albany County Board of Elections agreed with said objections and invalidated the petitions.

Petitioners commenced the present proceedings to annul the Board's determinations.  Respondents answered and argued that, among other things, the petitions were jurisdictionally defective because petitioners had failed to file them with the Albany County Clerk and that personal jurisdiction had not been obtained over respondent John H. Cunningham in proceeding No. 1.  The objectors, namely, Cunningham in proceeding No. 1 and respondent Richard P. Jacobson in proceeding Nos. 2 and 3, also cross-petitioned for an order declaring the designating petitions to be invalid.  Supreme Court ultimately dismissed the cross petitions and annulled the determinations of the Board.  Respondents now appeal.

Dealing first with the issue of subject matter jurisdiction, the record reflects that petitioner Christopher T. Higgins personally delivered the orders to show cause, petitions, and filing fees to the office of the Albany County Clerk.  After paying the fees, Higgins took the papers to the Clerk of the Supreme and County Courts in order to have a judge assigned, to whom the papers were transmitted directly.  While the papers were

---

[1]  Proceeding No. 3 was apparently commenced to correct a typographical error in the order to show cause in proceeding No. 2.

not physically placed in the County Clerk's case file, they were nevertheless deemed filed when Higgins delivered them to the County Clerk in the first instance, and Supreme Court correctly found petitioners to have complied with the filing requirements of CPLR 304 and 2102 (see CPLR 304 [c]; Matter of Resch v Briggs, 51 AD3d 1194, 1196 [2008]; Matter of Ryan v Carlo, 224 AD2d 804, 804 [1996], lv denied 87 NY2d 808 [1996]; compare Matter of Mendon Ponds Neighborhood Assn. v Dehm, 98 NY2d 745, 746 [2002]). The County Clerk should have retained the papers and provided a date-stamped copy of them to Higgins when they were delivered (see CPLR 304 [c]), but the failure to do so constituted nothing more than a ministerial error in the method of filing that may be overlooked pursuant to CPLR 2001 (see Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 327-328 [2011]).

We further agree with Supreme Court that petitioners obtained personal jurisdiction over Cunningham in proceeding No. 1. Service upon Cunningham was effected by Higgins, which runs afoul of the requirement that "papers may [only] be served by any person not a party" (CPLR 2103 [a] [emphasis added]). While there has been disagreement among the Appellate Divisions as to the effect of this type of error, this Court has consistently held that it "is a mere irregularity which does not vitiate service" (Matter of Schodack Concerned Citizens v Town Bd. of Schodack, 148 AD2d 130, 133 [1989], lv denied 75 NY2d 701 [1989]; see Matter of Sullivan v Albany County Bd. of Elections, 77 AD2d 959, 959 [1980]). We perceive no reason to depart from our precedent, particularly in light of the Court of Appeals' holding that CPLR 2001, as amended in 2007, permits a court to overlook technical defects in the manner of service that do not prejudice the person or persons being served (see Ruffin v Lion Corp., 15 NY3d 578, 582 [2010]).

Turning to the merits, respondents argue that permitting delegates to run who would allegedly support Walsh at the judicial nominating convention raises the appearance of her staging impermissible runs for two judicial posts at the same time. Assuming without deciding that any legitimate concerns exist as to the eligibility of Walsh as a candidate for Supreme Court (but see Election Law § 6-146 [5]), however, the obvious point is that she is not a named candidate in the designating

petitions at issue here.  The present matters relate to delegates and alternate delegates to the judicial nominating convention and, upon appeal, respondents do not dispute that petitioners "could, if elected, take and hold the office[s]" they seek (Matter of Burns v Wiltse, 303 NY at 325; cf. Election Law § 6-122 [2]).  The Board instead invalidated the petitions out of a misguided interest in what the candidates might do at the convention if elected, a matter that plainly does "not appear[] upon the face of the petition[s]" and is beyond the Board's power to review (Schwartz v Heffernan, 304 NY 474, 480 [1952]; see Matter of Lucariello v Commissioners of Chautauqua County Bd. of Elections, 148 AD2d 1012, 1012-1013 [1989], lv denied 73 NY2d 707 [1989]).  Supreme Court thus properly invalidated the determinations of the Board, which amounted to little more than an unreasonable and unjustified restraint upon the right of primary voters to choose among eligible and qualified candidates (see NY Const, art II, § 1; Matter of Hopper v Britt, 204 NY 524, 532 [1912]).  Moreover, given the absence of any legally cognizable defect in the designating petitions or the candidates named thereon, petitioners satisfied their "burden of demonstrating that [the] designating petition[s] should be validated" such as to warrant the grant of the petitions and dismissal of the cross petitions (Matter of Mannarino v Goodbee, 109 AD3d 683, 685 [2013]).

McCarthy, J.P., Garry, Egan Jr. and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court