Matter of D'Angelo v Maloney (2018 NY Slip Op 05908)





Matter of D'Angelo v Maloney


2018 NY Slip Op 05908


Decided on August 23, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 23, 2018

527113

[*1]In the Matter of FLOYD D'ANGELO et al., Appellants,
v
SEAN PATRICK MALONEY, Respondent, et al., Respondents.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


DerOhannesian & DerOhannesian, Albany (Paul DerOhannesian II of counsel), for appellants.
Martin E. Connor, New York City, for Sean Patrick Maloney, respondent.



MEMORANDUM AND ORDER
Per Curiam.
Appeal from a judgment of the Supreme Court (Hartman, J.), entered August 10, 2018 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to, among other things, declare invalid the nomination of respondent Sean Patrick Maloney as the Democratic Party, Women's Equality Party, Independence Party and Working Families Party candidate for the public office of Member of the United States House of Representatives for the 18th Congressional District in the November 6, 2018 general election.
The relevant facts are not in dispute. In April 2018, in anticipation of the June 2018 federal primary election for the public office of Member of the United States House of Representatives for the 18th Congressional District, designating petitions were filed naming the incumbent, respondent Sean Patrick Maloney, as the Democratic Party, Women's Equality Party, Independence Party and Working Families Party candidate for the November 2018 general election. Inasmuch as no other person filed a designating petition for the primary election, Maloney became the candidate for these parties. In July 2018, the State Board of Elections certified his nomination as a candidate for Member of the United States House of Representatives for the 18th Congressional District.
In May 2018, New York's Attorney General unexpectedly resigned. Maloney thereafter announced that he would seek the Democratic Party nomination for the public office of Attorney General and, in July 2018, filed a designating petition to run in the primary election taking place in September 2018. Petitioners filed objections with the State Board and subsequently commenced this proceeding pursuant to Election Law § 16-102 seeking to, among other things, invalidate the designating petitions and subsequent nominations naming Maloney as the [*2]congressional candidate for the aforementioned parties in the November 2018 general election [FN1]. Following a hearing, and after reviewing all submissions and relevant documentary evidence, Supreme Court dismissed the petition. Petitioners now appeal.
It is well settled, and the parties agree, that an individual may not simultaneously run for two incompatible public offices where he or she would be precluded from holding both offices at the same time (see Matter of Lufty v Gangemi, 35 NY2d 179, 181 [1974]; Matter of Lindgren, 232 NY 59, 64-65 [1921]; Matter of Parobek v Mascia, 98 AD3d 836, 836 [2012]; Matter of Phillips v Suffolk County Bd. of Elections, 21 AD3d 509, 510 [2005], lv denied 5 NY3d 706 [2005]; Matter of Lawrence v Spelman, 264 AD2d 455, 456 [1999], lv denied 93 NY2d 813 [1999]; see also Election Law § 6-104 [8]). The Court of Appeals has explained that this scenario occurs when an individual is a "dual candidate" and that the "spirit and intent of the Election Law forbids such a dual nomination particularly when . . . the candidate may not, if elected, take and hold both offices" (Matter of Burns v Wiltse, 303 NY 319, 323-324 [1951] [emphasis added]; see Matter of Lufty v Gangemi, 35 NY2d at 181-182). This prohibition against multiple candidacies informs the electorate "that[,] when the choice is made and legally declared[,] the object for which the election was held has been accomplished, and that there is no legal obstruction in the way to prevent their will . . . from becoming effective" (Matter of Burns v Wiltse, 303 NY at 329 [internal quotation marks and citation omitted]; accord Matter of Lawrence v Spelman, 264 AD2d at 456).
In petitioners' view, Maloney's dual status as a congressional candidate and as a designee seeking the Democratic Party nomination for Attorney General amounts to impermissibly running for two incompatible offices at the same time. Maloney counters that he is not simultaneously running for two incompatible offices because he is not yet a nominated candidate for Attorney General and that, if he secures the Democratic Party nomination as candidate for Attorney General, Election Law
§ 6-146 (5) provides a mechanism by which he may decline his congressional nomination. We agree with Maloney.
There is no dispute that, if Maloney were to secure the Democratic Party nomination for Attorney General, he would not be permitted to run for both Attorney General and Member of the United States House of Representatives. Nevertheless, although a designating petition has been filed on Maloney's behalf for the Democratic Party nomination for Attorney General, it is also not disputed that Maloney has yet to secure this nomination, which, if obtained, would place him on the 2018 general election ballot for two incompatible offices. Indeed, until Maloney secures the Democratic Party nomination to run for Attorney General, it cannot be stated that he is running for two incompatible public offices (see Matter of Lufty v Gangemi, 35 NY2d at 181-182; Matter of Burns v Wiltse, 303 NY at 323; Matter of Conti v Clyne, 120 AD3d 884, 886 [2014], lv denied 23 NY3d 908 [2014]; compare Matter of Phillips v Suffolk County Bd. of Elections, 21 AD3d at 510). As such, we agree with Supreme Court that Maloney, at this time, is not a "dual candidate" running for two incompatible offices on the same ballot (Matter of Burns v Wiltse, 303 NY at 324; see Matter of Lufty v Gangemi, 35 NY2d at 181-182)[FN2]. Moreover, in the [*3]event that Maloney does secure the nomination for Attorney General following the September 2018 primary election — a scenario involving a successive nomination that petitioners and Maloney do not dispute would trigger the prohibition against dual or multiple candidacies — Maloney may still decline the initial congressional nomination and avoid the impermissible status of being a dual candidate simultaneously running for two incompatible offices (see Election Law § 6-146 [5]; compare Matter of Phillips v Suffolk County Bd. of Elections, 21 AD3d at 510; cf. Matter of Conti v Clyne, 120 AD3d at 886; Matter of Faso v Hevesi, 298 AD2d 701, 702 [2002])[FN3]. In view of our determination, petitioners' remaining contentions are academic.
Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: By stipulation, petitioners agreed to withdraw that portion of their petition seeking to invalidate the designating petition naming Maloney as a candidate in the primary election for Attorney General.

Footnote 2: We note that, although the term "candidate" is not defined in the Election Law (see Election Law § 1-104), "[t]he meaning of the term is that ordinarily and customarily understood. Primarily it means one who seeks an office or honor; the secondary meaning is one who is selected by others as a contestant for office" (Matter of Burns v Wiltse, 200 Misc 355, 357 [Sup Ct, Jefferson County 1951], revd 279 App Div 36 [1951], revd 303 NY 319 [1951]). Thus, we take the position that, for purposes of the Election Law, one becomes a designated "candidate," as opposed to a designee, upon being nominated and filing his or her certificate of nomination to run in an election for public office (see Election Law §§ 6-100, 6-146 [5]; Matter of Burns v Wiltse, 303 NY at 323).

Footnote 3: Maloney has indicated that he intends to decline his congressional nomination should he succeed in securing the Democratic Party nomination for Attorney General. Whether he properly complies with Election Law § 6-146 (5) is a question not presently before us.