Matter of Lynch v Duffy (2019 NY Slip Op 04168)





Matter of Lynch v Duffy


2019 NY Slip Op 04168


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-04931
 (Index No. 2095/19)

[*1]In the Matter of George P. Lynch, respondent-appellant,
v
Eileen M. Duffy, etc., appellant-respondent, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Eileen M. Duffy as a candidate in a primary election to be held on June 25, 2019, for the nomination of the Democratic Party as its candidate for the public office of Member of the Council of the Town of Southampton, Eileen M. Duffy appeals, and George P. Lynch cross-appeals, from a final order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated May 3, 2019. The final order, after a hearing, granted the petition, inter alia, to invalidate the designating petition and, in effect, directed that Eileen M. Duffy's name be removed from the primary ballot.
ORDERED that the cross appeal is dismissed, without costs or disbursements, as George P. Lynch is not aggrieved by the final order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the final order is affirmed, without costs or disbursements.
Eileen M. Duffy was listed as a candidate on two separate designating petitions for two different public offices. Duffy was named on designating petition D 19-24 as a Democratic Party candidate for the public office of Member of the Council of the Town of Southampton (hereinafter Council Member) and on designating petition D 19-55 as a Democratic Party candidate for the public office of Trustee for the Town of Southampton (hereinafter Trustee). The Southampton Democratic Committee (hereinafter the committee) had endorsed Duffy for Trustee, Duffy had accepted the endorsement, and her name therefore appeared on the designating petition circulated by the committee to eligible voters of the party. Thereafter, Duffy decided to run for Council Member in the primary election scheduled for June 25, 2019, and circulated to eligible voters a designating petition for that office. Duffy timely declined her designation for Trustee on April 8, 2019. The circulation of the two designating petitions overlapped during most of the time during which designating petitions could be circulated.
The petitioner, George P. Lynch, timely filed objections with the Suffolk County Board of Elections (hereinafter the Board of Elections) claiming, among other things, election fraud as to Duffy's designating petition for Council Member. On April 26, 2019, the Board of Elections issued a split decision on the objections, which rendered the designating petition valid. Lynch then timely commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate [*2]Duffy's designating petition for Council Member.
The Supreme Court conducted a hearing at which three witnesses testified. The names of two of the witnesses, John V. Bouvier and Andrew J. Brosnan, who had been designated by the committee as candidates for Council Member and Trustee, respectively, also appeared on Duffy's designating petition for Council Member. Both Bouvier and Brosnan testified that their names were placed on this designating petition without their consent. Duffy, who also testified, agreed on that point.
In the final order appealed from, the Supreme Court granted the petition to invalidate the petition designating Duffy as a candidate for Council Member and directed that Duffy's name be removed from the primary ballot. The court found that Duffy and her agents did not intentionally seek to mislead enrolled party voters while gathering designating petition signatures, but that Duffy nevertheless knew that her name appeared simultaneously on two separate designating petitions for two different public offices, which presumptively misled enrolled voters as to which of the two public offices she was truly seeking. The court found that Duffy "failed to rebut this presumption by public action and/or filings in such a manner as to prevent election fraud." We affirm.
On appeal, Duffy argues that the proceeding was jurisdictionally defective, as the copy of the order to show cause and petition served upon her failed to include an index number. The index number, however, did appear on a copy of the request for judicial intervention that was also served with the order to show cause and petition. We agree with the Supreme Court that Lynch's failure to include the index number on the copy of the order to show cause and petition served upon Duffy is an excusable defect. A court "may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number . . . to be corrected" (CPLR 2001). A court may also disregard a mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced (see id.; Grskovic v Holmes, 111 AD3d 234). Here, where an index number was, in fact, purchased and merely did not appear on the copy of the order to show cause and petition served upon Duffy, such a mistake may be disregarded, as no substantial right of a party was prejudiced.
We further agree with the Supreme Court that Lynch's pleading meets the particularity requirements of CPLR 3016(b) for fraud. The petition seeks to invalidate the designating petition in its entirety for reasons set forth in detail in the objections that were specifically incorporated into the pleading by reference. The incorporation by reference of the objections into the petition is sufficient (see Matter of Haygood v Hardwick, 110 AD3d 931, 931-932, citing Election Law §§ 1-106[1]; 6-154[2]; see also Matter of Bush v Salerno, 51 NY2d 95, 99). Moreover, CPLR 3014 expressly provides that "[a] copy of any writing which is attached to a pleading is a part thereof for all purposes." The general objection and specifications of objections were attached as exhibits to the petition.
We also agree with the Supreme Court that the voters were misled, warranting the invalidation of the designating petition for Council Member. In circulating the designating petition for that office, Duffy deleted from the committee's designating petition the name of a candidate who had been endorsed by the committee, substituted her name for the name of that candidate, and circulated the revised designating petition without the permission of Bouvier, whose name continued to appear on the designating petition. The designating petition, as altered and circulated, was "misleading in suggesting that the various candidates listed intended to run together" as a team (Matter of Lutfy v Gangemi, 35 NY2d 179, 182; see Matter of Richardson v Luizzo, 64 AD2d 942, 943; cf. Matter of Ruck v Greene County Bd. of Elections, 65 AD3d 808). While a single instance of adding another candidate's name without consent, standing alone, has been found insufficient to warrant the invalidation of an entire designating petition (see Matter of Thomas v Simon, 57 NY2d 744, 745; Matter of Grumbach v Orange County Bd. of Elections, 43 AD3d 477 [no fraud found where the name of the endorsed party candidate was added to a designating petition of another endorsed candidate without his consent]), this case involves much more than the mere addition of a name to a designating petition. Here, Duffy affirmatively altered an existing designating petition containing other names by substituting her own name in place of the name of a candidate who had [*3]been endorsed by the committee. Moreover, under the circumstances of this case, the problem of misleading voters was compounded by the simultaneous circulation of two designating petitions designating Duffy for two separate public offices (see Matter of Lutfy v Gangemi, 35 NY2d at 182; cf. Matter of D'Angelo v Maloney, 164 AD3d 1078).
Duffy's remaining contention is without merit.
DILLON, J.P., COHEN, DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court