Matter of Nichols v Bacon (2019 NY Slip Op 06434)





Matter of Nichols v Bacon


2019 NY Slip Op 06434


Decided on August 29, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 29, 2019

529304

[*1]In the Matter of THOMAS A. NICHOLS, as Commissioner of the St. Lawrence County Board of Elections, Appellant,
v
JENNIE H. BACON, as Commissioner of the St. Lawrence County Board of Elections, Respondent, et al., Respondents.

Calendar Date: August 21, 2019

Before: Garry, P.J., Clark, Mulvey and Pritzker, JJ.


Sinnreich, Kosakoff & Messina, LLP, Central Islip (John Ciampoli of counsel), for appellant.
James E. Long, Albany, for Jennie H. Bacon, respondent.



MEMORANDUM AND ORDER
Per Curiam.
Appeal from an order of the Supreme Court (Farley, J.), entered June 13, 2019 in St. Lawrence County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, directed petitioner to certify the ballots naming respondent Mark Friden as the Republican Party and Democratic Party candidate for the public office of Town Justice of the Town of Clifton and the Democratic Party candidate for the public office of Town Justice of the Town of Piercefield in the June 25, 2019 primary election.
Petitioner and respondent Jennie H. Bacon are the Republican and Democratic Party Commissioners, respectively, of respondent St. Lawrence County Board of Elections (hereinafter the Board). In advance of the June 25, 2019 state primary election, respondent Mark Friden filed with the Board designating petitions naming him as the Democratic Party candidate for the public office of Town Justice of the Town of Piercefield and as the Republican Party and Democratic Party candidate for the public office of Town Justice of the Town of Clifton. Petitioner and Bacon were unable to agree on whether to certify and place Friden on the ballots for either or both offices consistent with Town Law § 20 (4), creating an impasse (see Election Law §§ 3-212 [2]; 4-114). Petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment by order to show cause, seeking declarations regarding the meaning of Town Law § 20 (4) and an order preventing Bacon and the Board from permitting Friden to appear on ballots seeking incompatible offices in contravention of state law. Following oral argument, Supreme Court concluded that the prohibition in Town Law § 20 (4) against holding dual elective town offices applies to "each individual town" and that "there is no [*2]incompatibility in holding two elective offices of town justice in two separate [towns]." The court dismissed the petition/complaint, granted Bacon's oral motion to amend her answer and, upon the amended answer, directed petitioner to certify the ballots. Petitioner appeals.
We will address this appeal despite the case being partly moot. The primary election was held on June 25, 2019, rendering moot the portions of the petition/complaint and amended answer seeking to prevent or direct certification of the primary ballots. Additionally, because Friden lost the primary for Clifton Town Justice on both the Democratic Party and Republican Party lines, he no longer has a dual candidacy. However, the portions of the petition/complaint seeking declarations regarding the meaning of Town Law § 20 (4) are not moot, and some aspects of the case that are moot fall within the exception to the mootness doctrine (see Matter of Carr v New York State Bd. of Elections, 40 NY2d 556, 559 [1976]; Matter of Avella v Batt, 33 AD3d 77, 80-81 [2006]).
Supreme Court correctly concluded that Town Law § 20 (4) does not preclude Friden from running for or holding the elective offices of town justice in both towns. Town Law § 20 generally defines the specific town offices that each town, by class, must (or may) have, including a supervisor, town council members, town clerk, town superintendent of highways, town justices and assessors. The statute also addresses whether the offices are elective or appointed, and how many of each is required. At issue is the portion of Town Law § 20 (4) providing that "[n]o person shall be eligible to hold more than one elective town office." Petitioner interprets this to mean that no person may hold more than one elective office, even if those offices are in separate towns. Bacon asserts that this language prohibits a person from holding more than one elective office only within the same town. Because the quoted language is ambiguous and both proffered interpretations are reasonable, we must view the language in the context of the whole statute (see Matter of Sutka v Conners, 73 NY2d 395, 403 [1989]). After the above-quoted language at issue, the sentence in subdivision (4) continues that "the town board[,] for the purpose of consolidating offices and positions, may at any time by resolution enlarge, increase and impose further and other duties than those prescribed by law upon any elective or appointed officer or employee and fix a single compensation for the performance of all such duties." Similar to this reference to "the town board" (Town Law § 20 [4] [emphasis added]), as a singular entity, other language throughout the statute implicitly refers to towns individually (see e.g. Town Law § 20 [1] [b] ["every town"]; [2] [a] ["(t)he town board of every town"], [b] ["(t)he town board of any town"]; [3] [b] [same]; [6] [a] [same]).
The interpretation adopted by Supreme Court makes sense because elected town officers must generally be electors or residents of the town at the time that they are elected and during their term of office, subject to certain specific exceptions (see Town Law § 23 [1]; Public Officers Law § 3 [1]). Thus, it is reasonable to assume that a person could generally only hold town office in the one town where he or she resides, and the statute was intended to prevent a person from holding more than one office within that one town, lest the holding of multiple offices upset the checks and balances between different branches of government. However, due to its small population and the historical dearth of electors/residents interested in running for Town Justice in the Town of Piercefield, St. Lawrence County, in 2013 the Legislature enacted a special law to provide that, notwithstanding the residency requirements in Town Law § 23 (1) and Public Officers Law § 3 (1), in the Town of Piercefield, "the persons performing the functions of town justice need not be electors of such town," so long as they reside in St. Lawrence County or an adjoining county (L 2013, ch 145, § 1; see L 2013, ch 145, § 2; Town Law § 23 [26]; Public Officers Law § 3 [60])[FN1]. This statutory exception makes it possible for a nonresident to hold office as Piercefield Town Justice while also holding the office of town justice in another town, where he or she resides.
Viewing the prohibition in context, Town Law § 20 makes provision for town offices for each town, by class, and contains no other language suggesting that one person cannot fulfill elective town offices in more than one town. Moreover, the prohibition is contained in the same sentence as a provision allowing a town board to consolidate its own town offices and positions, strongly suggesting that the entire subdivision (4) of Town Law § 20 refers to what is permitted in an individual town. Although the 2013 legislation did not address the dual town elective office prohibition in Town Law § 20 (4), by allowing nonresidents to serve as Piercefield Town Justice, the 2013 legislation opened the possibility that town justices in other towns in St. Lawrence County and adjoining counties would also run in the Town of Piercefield. Although petitioner is correct that the 2013 legislation did not specifically provide that a nonresident Town Justice of the Town of Piercefield could also hold the office of town justice in another town, the legislation did not expressly prohibit — and appears to have facilitated — this result.
We further agree with Supreme Court that the offices of town justice in separate towns are not incompatible offices. "[A]n individual may not simultaneously run for two incompatible public offices where he or she would be precluded from holding both offices at the same time" (Matter of D'Angelo v Maloney, 164 AD3d 1078, 1079 [2018], lv denied 31 NY3d 914 [2018]; see Matter of Lutfy v Gangemi, 35 NY2d 179, 181-182 [1974]; Matter of Burns v Wiltse, 303 NY 319, 324-326 [1951]; Matter of Lawrence v Spelman, 264 AD2d 455, 456 [1999], lv denied 93 NY2d 813 [1999]). To that end, "'the Election Law forbids such a dual nomination particularly when the candidate may not, if elected, take and hold both offices'" (Matter of D'Angelo v Maloney, 164 AD3d at 1079 [emphasis and ellipsis omitted], quoting Matter of Burns v Wiltse, 303 NY at 323-324). Serving as town justice in two separate towns involves jurisdiction over separate, defined geographic town boundaries and each town court thereof (see Town Law § 2). Moreover, the Legislature has expressly recognized that one person may, under certain circumstances, serve as town justice in more than one town (see UJCA 106 [2]; 106-a, 106-b). Although those circumstances are not present here, these statutes indicate the Legislature's view that no conflict exists to prevent a person from serving as town justice in two towns simultaneously. As there is no incompatibility between a person serving as town justice in separate towns, Supreme Court correctly directed petitioner to certify the ballots listing Friden as a candidate for Town Justice in both the Town of Clifton and the Town of Piercefield.
Petitioner also sought declarations regarding, among other things, the interpretation of Town Law § 20 (4). Although Supreme Court interpreted the statute in reaching its determination, the court did not make a declaration, as required (see CPLR 3001). Therefore, we now make declarations on the topics requested (see Stonegate Family Holdings, Inc. v Revolutionary Trails, Inc., Boy Scouts of Am., 73 AD3d 1257, 1262 [2010], lv denied 15 NY3d 715 [2010]).
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by declaring (1) that the prohibition in Town Law § 20 (4) on a person holding more than one elective town office applies only to holding multiple elective offices within an individual town, not to holding one elective office in each of two or more separate towns, and (2) that the offices of Town Justice of the Town of Clifton and Town Justice of the Town of Piercefield are not incompatible offices, and, as so modified, affirmed.



Footnotes

Footnote 1: Town Law § 23 contains three subdivisions numbered (26); the second one is relevant here. Public Officers Law § 3 contains seven subdivisions numbered (60); the fourth one is relevant here.