Village Law §§ 3-301(4) and 3-312(5); Election Law §§ 9-112(3), (4), (6) and 6-122

A ballot that contains two votes for the same person for incompatible offices, one printed and one written in, should be counted as a blank vote for both of those offices.

November 23, 2021

Joseph W. Prokop
Village Attorney
Village of Saltaire
225 Broadhollow Road
Suite 301E
Melville, New York 11747

Informal Opinion
No. 2021-2

Dear Mr. Prokop:

You have requested an opinion relating to the counting of an election ballot when a voter has selected the same person for two incompatible offices, one where the candidate's name is printed (for example, for the office of village trustee) and the other in the space for a write-in (for example, for the office of village mayor).[1] You state that the office of village trustee and the office of village mayor are incompatible – i.e., that a person cannot hold both offices at the same time – and we agree. Village Law § 3-301(4) (mayor and trustees comprise board of trustees); Op. Att'y Gen. (Inf.) No. 87-83 (offices incompatible); *see also* Village Law § 3-312(5) (trustee vacates office if appointed to fill vacancy in office of mayor). Consequently, one person's name cannot appear printed on a ballot as a nominated candidate for both village mayor and village trustee. *See In re Burns v. Wiltse*, 303 N.Y. 319 (1951); *In re Lawrence v. Spelman*, 264 A.D.2d 455 (2d Dep't 1999). Therefore, the issue of how to count ballots containing votes for one person for two incompatible offices arises principally in connection with write-in votes.

---

[1] A ballot of the type at issue might be completed as follows:

| Mayor (Vote for 1) | Trustee (Vote for 2) |
|---|---|
| ☐ Candidate A | ☒ Candidate D |
| ☐ Candidate B | ☒ Candidate E |
| ☐ Candidate C | ☐ Candidate F |
| ☒ *Candidate E* | ☐ Candidate G |
|     Write in | |
| | ☐ _____ |
| |     Write in |

We understand that the village electors have a substantial history of significant write-in activity on their ballots, and thus this is a recurring and potentially significant issue. As explained below, we believe that the practice most consistent with the Election Law is to count neither of the votes for the selected person.

The Election Law expressly lists certain situations when votes shall not be counted, but none of them applies here. First, a write-in vote may not be counted if the voter has not written the name on the ballot in the proper place under the title of an office, or if the name is also printed on the ballot under the title of that office. Election Law § 9-112(3). Next, when a candidate's name appears on the ballot more than once for the same office (on different party lines, for example) and is marked more than once, votes after the first vote may not be counted. Election Law § 9-112(4). Finally, if a voter marks more names than there are persons to be elected to an office, or if for any reason it is impossible to determine the voter's choice of candidate for an office, that vote is not counted but is treated as a blank vote for that office. Election Law § 9-112(6).

More helpful in analyzing the question you present is the body of law concerning whether a person may be a candidate for two offices at the same time. This question ordinarily arises before any votes are cast, at the time when nominations are made and before ballots are printed. The Election Law provides that a person cannot be nominated for an office that he or she will not be eligible to hold. Election Law § 6-122. And the Court of Appeals has interpreted that provision to mean that a person cannot be nominated at the same time for two offices that cannot be simultaneously held. *In re Burns v. Wiltse*, 303 N.Y. at 323. In reaching that conclusion, the Court rejected the view, advanced by the dissent, that there was no ineligibility until the person accepted the other office, and thus there was no ban on nominating a person for two incompatible offices, but only a ban on accepting both offices. Id. at 329. Thus, the law of New York is that a person may not appear printed on the ballot as a nominee for two incompatible offices.

We think that principle also bars a person from becoming a candidate for two incompatible offices at the same time by means other than by appearing on the ballot as a nominee. When a candidate solicits write-in votes for an office other than the one for which the candidate has been nominated, or when such write-in votes are solicited on the candidate's behalf, the effect on the voters is similar to the effect of nominating the candidate for two offices. In either case, voters are led to believe they are voting for someone who, if elected, could legally qualify to take and hold office, when in fact that person may not qualify if elected to both offices. That was the flaw that led the Court in *Burns* to rule that the law bars a person from being nominated

for two incompatible offices, and it also bars a person from becoming a candidate for two incompatible offices through write-in voting.

You have suggested three possible approaches to counting the votes on a ballot that contains one vote for a person for an office to which the person has been nominated and also a write-in vote for the same person for a different and incompatible office. First, both votes could be counted, one for the office for which the candidate's name is printed as a candidate and one for the office for which the candidate's name appears as a write-in vote. Second, only one of the two votes could be counted. Third, neither vote could be counted for a person who has received votes for two incompatible offices.

The first alternative, counting the votes for both incompatible offices on a single ballot, would be inconsistent with the principle that one person cannot be a candidate for two incompatible positions.

The second alternative, counting only one of the votes, might be feasible if there were a practical way to determine which vote the voter would have preferred to count. While we have identified no New York appellate decisions on point,[2] courts outside of New York have taken different views of this possibility.

In *Keane v. Smith*, 4 Cal. 3d 932 (1971), California's highest court considered how to count eight ballots that selected candidate Smith's name where printed under the office of judge and also selected and wrote in Smith's name under the incompatible office of district attorney. The court considered four possible intents of the voters so marking their ballots: first, the voter may have intended to vote for Smith for both offices, in which case the ballot had to be disregarded because Smith could not hold both offices simultaneously. Second, the voter may have intended to vote for Smith for only one of the offices but mistakenly marked his name twice. Third, the voter may have intended to vote for Smith for one of the offices, and to vote for him for the other office if he did not win a majority for the first office. Finally, the voter may have intended Smith to be elected to whichever of the two offices he chose to fill. 4 Cal. 3d at 940. The court concluded that the voters' intent could not be determined from the ballots, and therefore that their votes could not be counted for either office.

Courts in Illinois and Wisconsin, by contrast, have reached different conclusions. The Illinois case involved ballots that reflected two votes each for a

---

[2] In *In re Bennett v. Board of Educ.*, 10 Misc. 2d 804 (Sup. Ct., Onondaga Co. 1957); *aff'd*, 6 A.D.2d 989 (4th Dep't 1958), the court briefly discussed ballots with two votes for a single write-in candidate, recognizing that the written-in candidate conceded that only the vote written in the space for the office the candidate campaigned for could be counted. The court did not appear to consider whether *neither* vote should be counted. Even with these votes counted, the written-in candidate lost.

3

candidate whose name was printed on the ballot for two incompatible offices (school board president and school board member). The Illinois court permitted the votes selecting the candidate as school board president to be counted to give him a majority for that office, without deciding whether or how to count the votes for the candidate as school board member. *Misch v. Russell*, 136 Ill. 22, 31-32 (1891). The California court distinguished *Misch* on the ground that Illinois law, unlike California law, did not prohibit a candidate from being voted for incompatible positions at the same election. 4 Cal. 3d at 942.

Subsequently, a Wisconsin appellate court considered a case involving ballots that reflected two votes each for a candidate whose name was printed on the ballot as a candidate for mayor and written in as a candidate for alderman. The Wisconsin court ruled that the ballot should be counted for both offices. *In re Appeal of Bd. of Canvassers v. Erickson*, 147 Wis. 2d 467 (1988). The Wisconsin court reasoned that "[a]bsent legislation to the contrary . . . an alderman, eligible to run for mayor, may choose between the two offices if elected to both." 147 Wis. 2d at 474. The Wisconsin court distinguished *Keane* on the ground that in Wisconsin a person was permitted to run simultaneously for two incompatible positions.

As discussed above, New York law, like California's, prohibits a candidate from simultaneously running for incompatible offices. Moreover, it will ordinarily be impossible to determine which office the voter would have selected, if required to make a choice. Accordingly, we are of the opinion that a ballot that contains two votes for the same person for incompatible offices, one printed and one written in, should be counted as a blank vote for both of those offices.[3] This rule is most consistent with the rule of Election Law § 9-112(6), that if for any reason it is impossible to determine the voter's choice of candidate for an office, that vote is not counted but is treated as a blank vote for that office.

The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.

Very truly yours,

KATHRYN SHEINGOLD
Assistant Solicitor General
 in Charge of Opinions

---

[3] Where the ballot directs the voter to select more than one candidate to fill multiple vacancies (two trustee vacancies, for example), the votes for other candidates would still be counted for that office.

4